UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 DEC 21 PM 3: 40

CLERK
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cr-72 |
| | ) | |
| JAMAL HALL | ) | |

# OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING GOVERNMENT'S MOTION TO DISMISS, DISMISSING PETITIONER'S § 2255 PETITION WITHOUT PREJUDICE, AND GRANTING DEFENDANT LEAVE TO FILE AN AMENDED PETITION
(Docs. 32, 37, & 38)

This matter came before the court for a review of the Magistrate Judge's October 30, 2020 Report and Recommendation ("R & R"). (Doc. 38.) On July 24, 2020, Defendant Jamal Hall, who is self-represented, filed a motion pursuant to 28 U.S.C. § 2255 seeking a reduction of his eighty-four-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He contends he received ineffective assistance of counsel at sentencing based on his counsel's alleged failure to challenge the assignment of two criminal history points for pending charges in the Presentence Investigation Report ("PSR"). (Doc. 38.)[1] On September 10, 2020, the government filed a motion to dismiss on the basis that the petition fails to substantially comply with Rule 2 of the Rules Governing § 2255. (Doc. 37.) Neither party has filed an objection to the R & R, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings

---

[1] The PSR indicates no criminal history points were attributed to the pending charges. The reduction of two points would not change Defendant's criminal history category.

or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his six page R & R, the Magistrate Judge carefully considered the requirements of Rule 2 and correctly concluded that Defendant failed to allege more than "unsupported, conclusory allegations that [his] defense counsel was ineffective for not objecting to erroneous criminal history points in [the] PSR." (Doc. 38 at 4) (internal quotation marks omitted) (second alteration in the original); *see* Rule 2(b)(1), (2) (requiring a petitioner to "specify all the [available] grounds for relief" and "state the facts supporting each ground"); *see also LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) ("The petitioner must set forth specific facts which he is in a position to establish by competent evidence") (alteration and internal quotations marks omitted). Without sufficient factual allegations regarding the convictions which Defendant contends were pending or "had no finality of guilt[]" or how his counsel's failure to object to his criminal history points constituted ineffective assistance (Doc. 32 at 4), the court, the government, and Defendant's counsel cannot "comprehend both [Defendant's] grounds for relief and the underlying facts supporting each ground so that the issues presented may be adjudicated." *Rodriguez-Nieves v. United States*, 2011 WL 649614, at *1 (S.D.N.Y. Feb. 22, 2011).

Based on the foregoing, the Magistrate Judge properly concluded that Defendant failed to satisfy Rule 2 and that dismissal of the pending § 2255 petition is appropriate with leave to amend. The court finds the Magistrate Judge's conclusions well-reasoned and consistent with the applicable law.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 38), GRANTS the government's motion to dismiss (Doc. 37), DISMISSES Defendant's § 2255 petition (Doc. 32), and GRANTS Defendant leave to file an amended petition.

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Defendant a certificate of appealability in this matter because Defendant has failed to make a substantial showing of the denial of a constitutional right.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of December, 2020.

Christina Reiss, District Judge
United States District Court

3